DECISION AND JOURNAL ENTRY
{¶ 1} Plaintiff-Appellant Mary Beth Mogus has appealed from a decision of the Wayne County Court of Common Pleas that granted summary judgment for Defendant-Appellee Scottsdale Insurance Co. and denied her motion for relief from judgment. This Court affirms.
 I {¶ 2} On February 10, 2003, Appellant filed a complaint against Appellee. In count one of her complaint, Appellant alleged that she was seriously and permanently injured when a tractor trailer driven by Calvin Nelson ("Nelson") struck her car. She further alleged that as a result of her injuries, she has incurred uncompensated medical expenses and lost wages.[1] In count two of her complaint, Appellant alleged that at the time of the accident she was employed by STEPS at Liberty Center ("STEPS"), and that Appellee provided insurance coverage to STEPS pursuant to two different insurance policies ("Policy #1" and "Policy #2"). She further alleged that pursuant to the terms of the two policies, she was entitled to uninsured/underinsured motorist coverage ("UM/UIM") for her uncompensated medical expenses and lost wages as alleged in count one of her complaint. In count three of her complaint, Appellant alleged that certain unnamed "John Doe Insurance Companies" also provided coverage to STEPS, and that she was entitled to UM/UIM coverage pursuant to the terms of what she called "John Doe Insurance Policies" issued by the "John Doe Insurance Companies."
 {¶ 3} Appellee answered the complaint on February 24, 2003, wherein it denied all of the substantive claims of Appellant's complaint and asserted numerous affirmative defenses. Discovery commenced between the parties. On April 29, 2003, Appellant filed a motion captioned "Notice of Filing Contract Pursuant to Civ.R. 10(D)." Attached to Appellant's Civ.R. 10(D) motion was a copy of a third insurance policy issued to STEPS by Appellee ("Policy #3").
 {¶ 4} On July 21, 2003, Appellee filed a motion for summary judgment, to which Appellant responded on September 23, 2003. The trial court granted Appellee's motion for summary judgment on November 10, 2003.
 {¶ 5} On November 25, 2003, Appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B) wherein it argued that the trial court erred when it granted Appellee's motion for summary judgment. On December 9, 2003, and while her Civ.R. 60(B) motion was still pending before the trial court, Appellant filed a notice of appeal of the trial court's November 10, 2003 decision granting summary judgment to Appellee. Then, on December 16, 2003, the trial court denied Appellant's November 25, 2003 Civ.R. 60(B) motion for relief from judgment. On January 5, 2003, with her first appeal still pending, Appellant filed a notice of appeal of the trial court's December 16, 2003 decision denying her Civ.R. 60(B) motion for relief from judgment. On January 8, 2004, Appellant then filed a second Civ.R. 60(B) motion wherein she requested relief from both the trial court's November 10, 2003 decision granting summary judgment to Appellee and the trial court's December 16, 2003 decision denying her first Civ.R. 60(B) motion. On January 24, 2003, the trial court denied Appellant's second Civ.R. 60(B) motion.
 {¶ 6} As a result of Appellant's filing, she had two appeals pending: one of the trial court's November 10, 2003 decision granting summary judgment to Appellee and one of the trial court's December 16, 2003 decision denying her Civ.R. 60(B) motion for relief from judgment, that judgment being the same November 10, 2003 decision granting summary judgment to Appellee.
 {¶ 7} On February 4, 2004, this Court granted Appellant's motion to consolidate her two appeals. In support of her consolidated appeal, Appellant has asserted two assignments of error. We have consolidated her assignments of error for ease of analysis.
 I Assignment of Error Number One
"The trial court erred in ruling that [appellee] was entitled to judgment as a matter of law."
Assignment of Error Number Two
"The trial court erred in ruling that the authority ofWestfield Insurance Company v. Galatis entitled [Appellee] to judgment as a Matter of law."
 {¶ 8} In both her first and second assignments of error, Appellant has argued that the trial court erred when it granted summary judgment to Appellee. In her first assignment of error, Appellant has argued that Policy #3 was an automobile liability insurance policy and that she was an insured pursuant to said policy. In her second assignment of error, Appellant has argued that the trial court erred when it granted summary judgment to Appellee based upon the authority of Westfield Ins. Co. v.Galatis, 100 Ohio St. 3d 216, 2003-Ohio-5849. We disagree.
 {¶ 9} An appellate court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party.Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12, certiorari denied (1986), 479 U.S. 948, 107 S.Ct. 433,93 L.Ed.2d 383. Pursuant to Civil Rule 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 10} The party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate an absence of a genuine issue of material fact as to some essential element of the nonmoving party's claim. Dresher v. Burt (1996),75 Ohio St.3d 280, 292. To support the motion, such evidence must be present in the record and of the type listed in Civ.R. 56(C). Id.
 {¶ 11} Once the moving party's burden has been satisfied, the burden shifts to the non-moving party, as set forth in Civ.R. 56(E). Id. at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings, but instead must point to or submit some evidentiary material to demonstrate a genuine dispute over the material facts. Mitseff v. Wheeler
(1988), 38 Ohio St.3d 112, 115.
 {¶ 12} Furthermore, "an appellate court must affirm summary judgment if there were any grounds to support it." Ashley v.Baird, 9th Dist. No. 21364, 2003-Ohio-2711, at ¶ 12, appeal denied (2003), 100 Ohio St.3d 1423, citing McKay v. Cutlip
(1992), 80 Ohio App.3d 487, 491.
 {¶ 13} In the instant matter, Appellant has argued that summary judgment was improper because Policy #3 is an automobile liability policy, that she is an insured under the policy, and that UM/UIM coverage arose by operation of law under the policy. Appellee has argued that Policy #3 is not an automobile liability policy but rather a claims-made policy and that Appellant failed to trigger any coverage under the policy because she failed to bring her claim against the insured or the insurer during the life of the policy.
 {¶ 14} Although Appellant relied solely on Policy #3 for coverage, the record reveals that in her complaint, Appellant alleged a cause of action that stemmed from the terms and conditions of Policy #1 and Policy #2. According to the record, Appellant filed a copy of Policy #3 with the trial court on April 29, 2003, but she never requested permission to amend her complaint, nor did she amend her complaint to include any cause of action that stemmed from the terms and conditions of Policy #3. Because Appellee was already named in the complaint, it was not a "John Doe Insurance Company" and Policy #3 was not a "John Doe Insurance Policy."
 {¶ 15} Civ.R. 8(A) states, in pertinent part, that "[a] pleading that sets forth a claim for relief * * * shall contain (1) a short and plain statement of the claim showing that the party is entitled to relief * * *." This form of pleading, known as `notice pleading,' is designed to give the opposing party `"fair notice of the nature of the action * * *."' Asefi v.Ellet Neon Sales and Serv., Inc. (April 5, 1995), 9th Dist. No. 16931, at 4, quoting DeVore v. Mut. of Omaha Ins. Co. (1972),32 Ohio App.2d 36, 38.
 {¶ 16} Because Appellant failed to plead a claim under Policy #3, Appellee was not on notice that Appellant's cause of action included a claim of UM/UIM coverage that stemmed from the terms and conditions of Policy #3. As a result, this Court finds that Appellant's arguments regarding Policy #3 are irrelevant and we must disregard, as did the trial court, any arguments presented by Appellant regarding Policy #3.
 {¶ 17} The record further reveals that in its motion for summary judgment, Appellee argued that Policy #1 and Policy #2, the two policies under which Appellant sued Appellee, were claims-made policies and that Appellant was owed no coverage because she did not make her claim against the insured or the insurer during the life of the policy. Appellee did not present any arguments regarding Policy #3. In response to Appellee's motion for summary judgment, Appellant argued that Policy #3 was an automobile liability insurance policy, that she was an insured under said policy, and that UM/UIM coverage under the policy arose by operation of law. Never did she respond to Appellee's arguments that Policy #1 and Policy #2 were claims-made policies and that she failed to trigger coverage. As a result, Appellee's arguments regarding Policy #1 and Policy #2 were completely ignored and unrebutted by Appellant.
 {¶ 18} We find it necessary to first clarify the unique characteristics of a claims-made policy. As an initial matter, the Ohio Supreme Court has long held that "[i]nsurance policies should be enforced in accordance with their terms as are other written contracts. Where the provisions of the policy are clear and unambiguous, courts cannot enlarge the contract by implication so as to embrace an object distinct from that originally contemplated by the parties." Goodyear Tire RubberCo. v. Aetna Cas. Sur. Co., 95 Ohio St.3d 512, 2002-Ohio-2842, at ¶ 8, quoting Rhoades v. Equitable Life Assur. Soc. of theU.S. (1978), 54 Ohio St.2d 45, 47. Moreover, the interpretation of a contract that contains language which is clear and unambiguous is a question of law. Red Head Brass, Inc. v.Buckeye Union Ins. Co. (1999), 135 Ohio App.3d 616, 627, appeal not allowed (2000), 88 Ohio St. 3d 1447.
 {¶ 19} The record reveals that Policy #1 and Policy #2 contain the following relevant language:
"Section I — Coverages
"Coverage A. Bodily Injury and Property Damage Liability.
"1. Insuring Agreement
"a. We will pay those sums that the insured becomes legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies. This insurance applies to bodily injury or property damage only if a claim for damages because of the bodily injury or property damage is first made against any insured during the policy year or any extended reporting period we provide under Section V — Extended Reporting Periods.
"* * *
"(1) A claim by a person or organization seeking damages will be deemed to have been made when notice of such claim is received and recorded by any insured or by us, which ever comes first.
"* * *
"Section IV — Commercial General Liability Conditions
"* * *
"2. Duties in the Event of Occurrence, Claim or Suit
"* * *
"b. If a claim is received by any insured you must:
"(1) Immediately record the specifics of the claim and the date received; and
"(2) Notify us as soon as practicable.
"You must see to it that we receive written notice of the claim as soon as practicable.
 {¶ 20} We find that the foregoing policy language clearly and unambiguously sets forth that Policy #1 and Policy #2 are claims-made policies. We further find that, pursuant to the terms of the policies, coverage is triggered under either policy only when notice of a claim is received and recorded by either the insured or the insurer within the policy year. It is undisputed between the parties that Policy #1 and Policy #2 were effective from April 24, 2001 to April 24, 2002, and that Appellant brought her claim against the insurer, Appellee, on February 10, 2003, well outside the life of the policy. As a result, Appellant failed to trigger coverage under either policy.
 {¶ 21} Based on the foregoing, this Court finds that Appellee put forth ample evidence that Policy #1 and Policy #2 were claims-made policies. Furthermore, we find that because Appellant failed to rebut any of Appellee's arguments regarding Policy #1 and Policy #2, reasonable minds could come to but one conclusion, namely that Appellant's claim for UM/UIM coverage pursuant to Policy #1 and Policy #2 must fail. See, Dresher,75 Ohio St.3d at 292. As a result, this Court concludes that the trial court did not err when it granted summary judgment to Appellee.
 {¶ 22} Assuming, arguendo, that Appellant's claims under Policy #3 were properly before the trial court, we find that because Policy #3 contains language identical to that of Policy #1 and Policy #2, discussed infra, Policy #3 is also a claims-made policy. Policy #3 was effective from April 24, 1990 to April 24, 1991. Thus it follows that any claim by Appellant that Policy #3 was an automobile liability insurance policy and that UM/UIM coverage arose by operation of law would fall to the same fate as did her claims under Policy #1 and Policy #2.
 {¶ 23} On a final note, Appellant did file a notice of appeal of the trial court's December 16, 2003 decision denying her Civ.R. 60(B) motion, although she did not present a separate assignment of error on this issue in the instant matter. However, because it was a separate notice of appeal, we feel compelled to address her arguments on this issue.
 {¶ 24} The Supreme Court of Ohio has long held that "an appeal divests trial courts of jurisdiction to consider Civ.R. 60(B) motions for relief from judgment." Howard v. CatholicSocial Services of Cuyahoga Cty., Inc. (1994),70 Ohio St.3d 141, 147. A trial court can obtain jurisdiction over a Civ.R. 60(B) motion only through an order remanding the matter for consideration of such motion. Homeside Lending v. Crise, 9th Dist. No. 03CA008240, 2003-Ohio-5776, at ¶ 4.
 {¶ 25} In the instant matter, Appellant filed a notice of appeal to this Court while her Civ.R. 60(B) was still pending before the trial court. As a result, the trial court did not have jurisdiction to decide Appellant's motion for relief from judgment. It follows that the trial court's December 16, 2003 decision denying Appellant's November 25, 2003 motion for relief from judgment is null and void. The trial court's January 24, 2004 decision denying Appellant's January 8, 2004 motion for relief from judgment falls to the same fate and is also null and void.
 {¶ 26} In sum, this Court concludes that summary judgment was properly granted to Appellee. The trial court's December 16, 2003 and January 24, 2004 decisions denying Appellant's respective Civ.R. 60(B) motions are null and void. Appellant's first and second assignments of error lack merit.
 III {¶ 27} Appellant's first and second assignments of error are overruled with respect to the award of summary judgment to Appellee. The trial court's December 16, 2003 and January 24, 2004 judgments denying Appellant's two Civ.R. 60(B) motions are reversed and remanded with instructions that the trial court vacate the two judgments.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to both parties equally.
Exceptions.
Carr, P.J., Batchelder, J., concur.
[1] During discovery, Appellant admitted that she had signed a full release and settlement with Nelson and his employer in exchange for one million dollars.