DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Roy Hackney has appealed from his convictions and sentence in the Summit County Court of Common Pleas. This Court affirms.
 I {¶ 2} On February 14, 2005, Defendant-Appellant Roy Hackney was indicted on the following counts: 1) aggravated burglary, in violation of R.C. 2911.11(A)(1)/(A)(2), with a firearm specification; 2) abduction, in violation of R.C. 2905.02(A)(2), with a firearm specification; 3) carrying a concealed weapon, in violation of R.C. 2923.12(A)(2); 4) having a weapon while under disability, in violation of R.C. 2923.13(A)(3); 5) receiving stolen property, in violation of R.C. 2913.51(A); 6) menacing by stalking, in violation of R.C. 2903.211(A); 7) domestic violence, in violation of R.C. 2919.25(A); 8) domestic violence, in violation of R.C. 2919.25(C); 9) violating a protection order, in violation of R.C. 2919.27(a felony of the third degree); and 10) violating a protection order, in violation of R.C. 2919.27(a felony of the fifth degree). Appellant waived reading of the indictment and entered "not guilty" pleas to all counts in the indictment. On February 24, 2005, Appellant filed a motion entering a written plea of not guilty by reason of insanity. The following day, the trial court ordered Appellant be evaluated by the Psycho Diagnostic Clinic.
 {¶ 3} On April 12, 2005, the trial court found that Appellant was capable of understanding the nature and objective of the proceedings against him and was capable of assisting in his defense. The trial court also noted that all parties stipulated to the Psycho Diagnostic Clinic's report. On May 23, 2005, the trial court granted Appellant's motion for a second evaluation to determine his mental status; Appellant requested the examination be conducted by an independent examiner. On July 18, 2005, after the report from Appellant's second evaluation was filed, the trial court again ruled that Appellant was competent to stand trial and that he was not suffering from a severe mental disease or defect at the time of the alleged offenses.
 {¶ 4} On July 20, 2005, Appellant withdrew his previously entered not guilty plea and entered guilty pleas to the following charges: burglary, with the firearm specification; abduction; having a weapon while under disability; fourth degree felony domestic violence; and violating a protection order (a felony of the third degree). The trial court found that Appellant's pleas were voluntarily made and with a full understanding of the consequences. Accordingly, the trial court accepted Appellant's guilty pleas. Appellant was subsequently sentenced to a total term of 16 years incarceration.
 {¶ 5} The trial court appointed appellate counsel and on September 21, 2005, Appellant filed a notice of appeal stating he was appealing his convictions and sentence. On January 30, 2006, Appellant's counsel filed an Anders[1] brief in this Court and requested permission to withdraw as Appellant's counsel. Appellant was served with a copy of his counsel's brief to this Court and this Court afforded Appellant the opportunity to raise arguments after review of the Anders brief. Appellant has not responded to his counsel's Anders brief.
 II Assignment of Error Number One
"AFTER AN EXTENSIVE REVIEW OF THE COMPLETE RECORD IN THIS MATTER, THE PLEA AND SENTENCING HEARING TRANSCRIPTS, THE UNDERSIGNED HEREBY CERTIFIES THAT SHE IS UNABLE TO FIND ANY VIABLE ISSUE, LEGAL OR FACTUAL, TO BE PURSUED IN THE APPEAL AT HAND."
 {¶ 6} In accordance with Anders, supra, Appellant's counsel has asserted that she is unable to find any issue upon which to argue error below. We agree.
 {¶ 7} Upon our own full, independent examination of the record before this Court, we find that there are not appealable, non-frivolous issues in this case. See State v. Lowe (Apr. 8, 1998), 9th Dist. No. 97CA006758, at 4.
 III {¶ 8} We affirm the judgment of the Summit County Court of Common Pleas. Appellate counsel's motion to withdraw as counsel is hereby granted.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Slaby, P.J. Boyle, J. concur.
[1] Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396,18 L.Ed.2d 493.