OPINION
{¶ 1} This appeal comes for consideration upon the record in the trial court and the parties' briefs. Appellant, Alan Christian, appeals the decision of the Mahoning County Court of Common Pleas denying his petition for post-conviction relief. Because the petition was untimely, the trial court did not err by dismissing it without an evidentiary hearing. Accordingly, the decision of the trial court is affirmed.
 {¶ 2} Christian was convicted of felonious assault on a peace officer, a first-degree felony, with a firearm specification in violation of R.C. § 2903.11(A)(2)(D) and R.C. § 2941.145(A) and was sentenced on August 27, 2002 to a term of eight years imprisonment. On March 21, 2005, we affirmed that judgment in an opinion styled State v.Christian, 7th Dist. No. 02 CA 170, 2005-Ohio-1440. On December 2, 2005, Christian filed a petition to vacate or set aside the trial court's judgment and requested an immediate evidentiary hearing. The trial court overruled Christian's petition on February 1, 2006. Christian then filed an appeal of that order with this court.
 {¶ 3} On May 10, 2006, this court concluded that the entry was a non-final appealable order as there were no findings of fact or conclusions of law. This court then remanded the matter to the trial court with instructions to make the statutorily required findings and conclusions. On remand, the trial court, in a judgment entry dated May 16, 2006, made the requisite findings but also declared that the petition was again overruled as not being timely filed. Again, the trial court denied Christian's request for an evidentiary hearing.
 {¶ 4} On October 20, 2006, Christian filed a notice of appeal from that judgment entry. Although Christian did not file the notice within thirty days from its entry, this court concluded that he was not given notice of the final judgment and found that the notice of appeal was timely. Christian has assigned multiple errors on appeal regarding the merits of his petition. However, this court must first establish whether the petition was properly before the trial court.
 {¶ 5} We review a trial court's decision to deny a petition for post-conviction relief without a hearing under a de novo standard of review. See State v. Miller, Ross.App. No. 01CA2614, 2002-Ohio-407. *Page 2 
 {¶ 6} R.C. 2953.21 and R.C. 2953.23 govern petitions for post-conviction relief. Under R.C. 2953.21, relief from a judgment or sentence is available for a person convicted of a criminal offense who shows that "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States[.]" See also,State v. Grover (1995), 71 Ohio St.3d 577, 645 N.E.2d 1246; State v.Powell (1993), 90 Ohio App.3d 260, 629 N.E.2d 13.
 {¶ 7} Except as provided in R.C. 2953.23, a petition for post-conviction relief must be filed no later than 180 days after the date on which the trial transcript is filed in the court of appeals when there is a direct appeal of the judgment of conviction. R.C.2953.21(A)(2).
 {¶ 8} If a post-conviction relief petition is filed beyond the 180-day time limitation or the petition is a second or successive petition for post-conviction relief, R.C. 2953.23(A) precludes the court from entertaining the petition unless: (1) the petitioner shows that he was unavoidably prevented from discovering the facts upon which his claim for relief is based, or (2) after the 180-day time period expired, the United States Supreme Court recognized a new federal or state right that applies retroactively to the petitioner and is the basis of his claim for relief. R.C. 2953.23(A)(1)(a). The petitioner must then show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense of which [he] was convicted[.]" R.C. 2953.23(A)(1)(b).
 {¶ 9} Unless the defendant makes the showings required by R .C. 2953.23(A), the trial court lacks jurisdiction to consider either an untimely or a second or successive petition for post-conviction relief.State v. Carter, Clark App. No. 03CA-11, 2003-Ohio-4838, citingState v. Beuke (1998), 130 Ohio App.3d 633, 720 N.E.2d 962, andState v. Owens (1997), 121 Ohio App.3d 34, 698 N.E.2d 1030; State v.McGee, Lorain App. No. 01CA007952, 2002-Ohio-4249, appeal not allowed,98 Ohio St.3d 1409, 781 N.E.2d 1018, 2003-Ohio-60; State v.Hansbro, Clark App. No. 2001-CA-88, 2002-Ohio-2922.
 {¶ 10} In this case, Christian was convicted and sentenced in 2002, and we *Page 3 
affirmed his conviction in March of 2005. He filed his petition for post-conviction relief in December of 2005, well after the statutorily prescribed time for post-conviction relief had run. Christian's petition was clearly untimely. Because the petition was untimely, Christian had to satisfy the criteria set forth in R.C. 2953.23(A) before the trial court could consider the merits of the petition.
 {¶ 11} Christian's petition fails to argue, let alone establish, that his claim for post-conviction relief falls within R.C. 2953.23(A)'s criteria. The petition does not show that he was "unavoidably prevented" from discovering the "facts" upon which he relies in his petition. See R.C. 2953.23(A)(1)(a). R.C. 2953.23's "purpose is to permit courts to consider factual information that may come to light after a defendant's trial, not to permit defendants to advance new theories using the same underlying facts." State v. Hurst (Jan. 10, 2000), Stark App. No. 1999CA00171, citing State v. Brewer (Sept. 18, 1998), Highland App. No. 98-CA-5, appeal not allowed, 84 Ohio St.3d 1436, 702 N.E.2d 1214. "A petitioner merely asserting that he was unaware of certain alleged facts fails to satisfy his burden of demonstrating that he was unavoidably prevented from discovering those alleged facts." Id.
 {¶ 12} Here, Christian merely argues that he was unaware of certain facts that may have been helpful to him at trial. However, Christian does not explain why it took him over three years to file his petition. Accordingly, the petition fails to satisfy the criteria set forth in R.C. 2953.23(A)(1)(a).
 {¶ 13} In addition, the petition makes no claim based on a new federal or state right recognized by the United States Supreme Court that applies retroactively to petitioner. Therefore, Christian has not satisfied the alternative criteria, set forth in R.C. 2953.23(A)(1)(b).
 {¶ 14} Because Christian's petition for post-conviction relief fails to satisfy the criteria set forth in R.C. 2953.23 governing untimely and second post-conviction relief petitions, the trial court lacked jurisdiction to consider the merits of the petition. Accordingly, the judgment of the trial court is affirmed. Donofrio, J., concurs. *Page 4 
 Waite, J., concurs. *Page 1