DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} Scott Smith was convicted in 1999 of multiple crimes for his participation in a plan to rob a bank. This Court affirmed his conviction in 2000. Since then, he has filed several challenges to his conviction, including a second, untimely petition for postconviction relief that is the subject of this appeal. Mr. Smith has appealed the trial court's denial of his petition and the trial court's subsequent denial of his motion for relief from judgment. This Court affirms because the trial court lacked jurisdiction to rule on the petition and the motion.
 FACTS {¶ 2} Mr. Smith was found guilty by a jury of various criminal offenses in 1999, and this Court affirmed his convictions on direct appeal. State v. Smith, 9th Dist. No. 99CA007387, 2000 WL 840510 (June 28, 2000). Five years later, this Court affirmed the trial court's denial of his first untimely petition for postconviction relief.State v. Smith, 9th Dist. No. 05CA008772, *Page 2 2006-Ohio-2045. Later that year, this Court denied Mr. Smith's application to reopen his direct appeal under Rule 26(B) of the Ohio Rules of Appellate Procedure. Mr. Smith also sought habeas corpus relief in federal court. Mr. Smith claimed his recent "victory" in the United States Sixth Circuit Court of Appeals, which concluded his counsel on direct appeal provided deficient — but not prejudicial — performance by failing to promptly notify him of this Court's decision, prompted his latest petition for postconviction relief.
 {¶ 3} Mr. Smith petitioned the trial court under Section 2953.21 of the Ohio Revised Code to vacate his conviction and allow him a new direct appeal because he received ineffective assistance of appellate counsel. The trial court denied the petition in a brief journal entry. Mr. Smith moved for relief from judgment on August 1, 2007. A few days later, on August 6, 2007, he appealed from the trial court's denial of his petition in case number 07CA009220. After the trial court denied his motion for relief from judgment on August 22, 2007, Mr. Smith appealed that decision in case number 07CA009252. This Court consolidated the appeals.
 {¶ 4} Mr. Smith has argued on appeal that the trial court: (1) incorrectly failed to grant his petition because he is actually innocent of a firearm specification; and (2) incorrectly concluded that he will not be able to establish at trial that he is actually innocent of the firearm specification. This Court affirms the trial court's denial of Mr. Smith's petition because the trial court lacked jurisdiction to consider his second untimely petition for postconviction relief. This Court affirms the denial of Mr. Smith's motion for relief from judgment because the trial court lost jurisdiction to consider it after Mr. Smith filed his appeal.
JURISDICTIONAL REQUIREMENTS FOR POSTCONVICTION PETITION
 {¶ 5} Section 2953.21(A)(2) of the Ohio Revised Code provides that a petition for postconviction relief must be filed within 180 days after the date the trial transcript is filed in the *Page 3 
court of appeals in the direct appeal of the judgment of conviction. Section 2953.23(A)(1)(a) prohibits the trial court from hearing an untimely or successive petition unless the petitioner "was unavoidably prevented" from discovering the facts upon which he relies, or, after the 180 day time limit, "the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation. . . ." Section 2953.24(A)(1)(b) requires the petitioner to show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense of which [he] was convicted." See, e.g.,State v. Price, 9th Dist. No. 07CA0025, 2008-Ohio-1774, at ¶ 6.
 {¶ 6} This Court affirmed Mr. Smith's conviction on direct appeal in 2000 and affirmed the denial of his first petition for postconviction relief in 2006. He again petitioned for postconviction relief in 2007, well beyond the 180 day filing limit. In his second untimely petition, Mr. Smith did not allege that he was "unavoidably prevented" from discovering the facts upon which he relied. He also did not rely on a right that the United States Supreme Court newly recognized. To the contrary, Mr. Smith relied upon only the deficient performance of his appellate counsel, the same argument he presented to this Court in his application to reopen his direct appeal in 2006.
 {¶ 7} Mr. Smith did not allege he was "unavoidably prevented" from discovering the facts upon which he relied and he did not rely on a newly recognized right. Accordingly, the trial court lacked jurisdiction to consider Mr. Smith's petition under Section 2953.23(A)(1). AccordPrice, 2008-Ohio-1774, at ¶ 7. His assignments of error are overruled.
JURISDICTIONAL REQUIREMENTS FOR MOTION FOR RELIEF FROM JUDGMENT
 {¶ 8} After the trial court denied his petition for postconviction relief, Mr. Smith moved for relief from judgment under Rule 60(B) of the Ohio Rules of Civil Procedure. Before the trial *Page 4 
court ruled on his motion, Mr. Smith appealed the trial court's denial of his petition. Two weeks later, the trial court denied the motion for relief from judgment, and Mr. Smith appealed that decision.
 {¶ 9} Mr. Smith moved to consolidate his appeals. This Court granted the motion only "for purposes of presenting oral argument and for final determination." Mr. Smith did not file a brief in his appeal of the trial court's denial of his motion for relief from judgment. This Court affirms the trial court's judgment because the trial court did not have jurisdiction to consider Mr. Smith's motion.
 {¶ 10} When Mr. Smith appealed the trial court's denial of his petition for postconviction relief, the trial court lost jurisdiction to consider his Rule 60(B) motion for relief from judgment. Howard v.Catholic Social Servs. of Cuyahoga Cty., Inc., 70 Ohio St. 3d 141, 147
(1994). A trial court may only consider a motion for relief from judgment after the filing of a notice of appeal if this Court has remanded the matter to the trial court for that purpose, thereby conferring jurisdiction upon it. Id. This Court did not remand the matter to the trial court for it to consider Mr. Smith's motion for relief from judgment. Accordingly, the trial court lacked jurisdiction to consider the motion, and the order denying it is null and void. See, e.g., Mogus v. Scottsdale Ins. Co., 9th Dist. Nos. 03CA0074, 04CA0002,2004-Ohio-5177, at ¶ 26.
 CONCLUSION {¶ 11} The trial court lacked jurisdiction to consider Mr. Smith's second untimely petition for postconviction relief or to consider his motion for relief from judgment under Rule 60(B). The judgments of the Lorain County Common Pleas Court are affirmed.
 Judgment affirmed. *Page 5 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to appellant.
 SLABY, J. MOORE, P. J. CONCUR *Page 1