DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant, Roy R. Hackney, appeals an order of the Summit County Court of Common Pleas that treated his motions to vacate his conviction as untimely petitions for postconviction relief and denied them without a hearing. This Court affirms.
 {¶ 2} Defendant pled guilty to aggravated burglary, abduction, having a weapon under disability, domestic violence, and violating a protection order, and on August 22, 2005, was sentenced to an aggregate prison term of sixteen years. Defendant appealed. On January 30, 2006, his counsel for purposes of appeal filed a brief pursuant to Anders v.California (1967), 386 U.S. 738. See State v. Hackney, 9th Dist. No. 22888, 2006-Ohio-2974, at ¶ 5. Defendant did not respond.Hackney, 2006-Ohio-2974, at ¶ 5. On June 14, 2006, this Court affirmed Defendant's convictions, concluding that "there are not appealable, non-frivolous issues in this case." Id. at ¶ 7. Defendant neither moved this Court to reconsider its decision nor appealed this Court's decision to the Supreme Court of Ohio. *Page 2 
 {¶ 3} On April 24, 2008, Defendant filed two motions in the trial court. The first, captioned "Motion to Vacate Judgement Pursuant to 60(b) and the Sixth Ammendment [sic] U.S.C.A.," argued that the trial court made unconstitutional findings in connection with his consecutive prison sentences. The second, captioned "Motion to Vacate Void Judgment," argued that the trial court did not have subject matter or personal jurisdiction over Defendant, who characterized himself as a "Sovereign American" not subject to the United States or Ohio Constitutions or to the courts created therein. The trial court considered Defendant's motions as untimely petitions for postconviction relief and, on May 7, 2008, dismissed both. Defendant timely appealed.
 ASSIGNMENT OF ERROR I "The Defendant's sentence and guilty plea are void. For no court can give validity to a law which is repugnant to the United States Constitution. For a law which is repugnant to the Constitution is void from it's [sic] inception, not when it is branded in open court."
 ASSIGNMENT OF ERROR II "Subject matter jurisdiction/jurisdiction may be challenged at any time, even after final determination. The aggrieved party squarely challenged subject matter jurisdiction/jurisdiction, the [State] submitted no facts/evidence in support that the lower court had subject matter jurisdiction/jurisdiction."
 {¶ 4} In his two assignments of error, Defendant appears to argue that the trial court erred by treating his motions to vacate as untimely petitions for postconviction relief and dismissing them as such.
 {¶ 5} Our analysis begins by recognizing that "[c]ourts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged." State v.Schlee, 117 Ohio St.3d 153, 2008-Ohio-545, at ¶ 12. Applying this principle to criminal cases, the Supreme Court of Ohio has concluded that motions for relief *Page 3 
from judgment in a criminal case may be treated as petitions for postconviction relief when "Crim. R. 35, which sets forth the procedure by which criminal defendants can file petitions for postconviction relief, was available * * * and serves the same purpose as the Civ. R. 60(B) motion[.]" Id. at ¶ 11. In Schlee, the defendant filed a motion in the trial court that was captioned, "Motion for Relief from Judgment." Id. at ¶ 12. The motion "was filed subsequent to his direct appeal, claimed a denial of constitutional rights, and sought reversal of the judgment rendered against him." Id. The Supreme Court determined on that basis that the relief sought in the Defendant's motion was available to him under Crim. R. 35, could have been pursued in a petition for postconviction relief, and did not "exist `independently' from a petition for postconviction relief pursuant to Crim. R. 35 and R.C. 2953.21." Id. at ¶ 13. Consequently, the Court held that the trial court did not err by treating the defendant's motion as a petition for postconviction relief.
 {¶ 6} Defendant's motions in this case are captioned as a "Motion to Vacate Judgement Pursuant to 60(b)" and a "Motion to Vacate Void Judgment," respectively, and pursuant to Schlee were properly considered as petitions for postconviction relief. As in Schlee, both motions were filed after Defendant's direct appeal and each claimed a denial of Defendant's constitutional rights. With respect to the "Motion to Vacate Judgement Pursuant to 60(b)," Defendant argued that the trial court deprived him of his right to trial by jury and that his sentence should be reversed. Pursuant to State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, syllabus, and State v. Payne, 114 Ohio St.3d 502,2007-Ohio-4642, at ¶ 27-28, Defendant alleged error by the trial court that resulted in a voidable sentence. With respect to the "Motion to Vacate Void Judgment," Defendant cited a litany of alleged constitutional rights that were *Page 4 
violated in connection with the judgment against him, arguing that his judgment must be reversed.[1]
 {¶ 7} R.C. 2953.21(A)(2) provides that a petition for postconviction relief must be filed "no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication[.]" R.C. 2953.23(A)(1)(a) "prohibits the trial court from hearing an untimely or successive petition unless the petitioner `was unavoidably prevented' from discovering the facts upon which he relies, or, after the 180 day time limit, `the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation[.]'" State v. Smith, 9th Dist. Nos. 07CA009220, 07CA009252,2008-Ohio-3589, at ¶ 5, quoting R.C. 2953.23.
 {¶ 8} Defendant did not allege that he was unavoidably prevented from discovering the facts upon which his petition relied and the allegations in his petition did not rest upon a newly recognized right. Consequently, the trial court lacked jurisdiction to consider his untimely petition. See id. at ¶ 7. Defendant's first and second assignments of error are overruled.
 {¶ 9} Defendant's assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
 The Court finds that there were reasonable grounds for this appeal. *Page 5 
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
LYNN C. SLABY FOR THE COURT
CARR, P. J. WHITMORE, J. CONCUR
[1] Ironically, this Court notes that Defendant maintained that he is not subject to the United States and Ohio Constitutions, or to courts created therein, but apparently had no reservations about claiming the protections afforded to him by these documents. *Page 1