DECISION AND JUDGMENT
{¶ 1} This is the third time that this cause is on appeal from a judgment of the Erie County Court of Common Pleas. In July 1999, a jury found appellant, Curtis E. Ayers, Jr., guilty of conspiracy to commit aggravated murder. State v. Ayers (Mar. 16, 2001), 6th Dist. No. E-99-066. Ayers appealed his conviction, setting forth three *Page 2 
assignments of error. Id. We found all three assignments not well-taken and affirmed the judgment of the trial court. Id. Appellant filed a motion for leave to appeal our decision in the Ohio Supreme Court, but that court denied appellant's request and dismissed his appeal. State v. Ayers, 6th Dist. No. E-05-079, 2006-Ohio-5208, ¶ 8
("Ayers II ").
 {¶ 2} Appellant subsequently filed, pursuant to App. R. 26(B), a motion to reopen his appeal. Id. We denied that motion, and the Ohio Supreme Court denied appellant's motion for leave to appeal that decision. Id. at ¶ 9. On June 27, 2005, appellant filed an R.C. 2953.21 motion to set aside or vacate his sentence. Id. The court below denied appellant's motion. Id. The court did however, retain jurisdiction over this cause in order to "resentence" appellant by informing Ayers of the fact that he would be subject to postrelease control after he served his prison sentence. Id. The lower court subsequently entered a judgment (1) denying appellant's motion for postconviction relief; (2) its entry on resentencing; and (3) a nunc pro tunc entry that correctly reflected the amount of time that appellant had already served in prison. Id. Appellant appealed that judgment. Id. We affirmed the trial court's judgment denying appellant's petition for postconviction relief, but reversed its judgment on resentencing because the trial judge failed to hold a resentencing hearing. Id. at ¶ 21.
 {¶ 3} On March 12, 2007, appellant filed a pro se "Motion to Vacate Conviction or Set Aside for New Trial." In this successive petition for postconviction relief, appellant raised five "Assignments of Error" in which he asserted that a number of his constitutional rights were violated during the course of his original criminal trial. On *Page 3 
December 10, 2007, the trial court filed a judgment entry addressing all of the issues raised by appellant and denied appellant's motion. On December 18, 2007, after holding a hearing, the trial court resentenced appellant to nine years in prison, was given 3,245 days for time served, was ordered to pay the costs of prosecution, and was notified that he would be subject to a mandatory period of five years of postrelease control.
 {¶ 4} Appellant timely appealed these judgments and was appointed counsel for the purposes of this appeal. Appellant claims that the following errors occurred in the proceedings below:
 {¶ 5} "1. The trial court erred in overruling appellant's `Motion to Vacate Conviction or Set Aside for New Trial' and in sentencing the appellant for the reason that the indictment upon which the court exercised jurisdiction in this case was fatally defective."
 {¶ 6} "2. The trial court erred in resentencing appellant to post-release control when such condition was imposed after the appellant served all but 11 days of his nine year sentence."
 {¶ 7} "3. The evidence presented at trial was insufficient to prove all essential elements of the offense beyond a reasonable doubt in that the State failed to prove that appellant committed an overt act in furtherance of the alleged conspiracy."
 {¶ 8} "4. The court's jury instruction with respect to the conspiracy charge was erroneous as a matter of law. *Page 4 
 {¶ 9} "5. The appellant was denied his right to the effective assistance of counsel guaranteed by the Sixth Amendment to the Constitution of the United States and Article I Section 10 of the Ohio Constitution."
 {¶ 10} "6. "The trial court erred in denying appellant's `Motion to Vacate Conviction or Set Aside for New Trial' without hearing for the reason that appellant established significant `Brady' violations that would have warranted the granting of a new trial."
 {¶ 11} "7. The imposition of post-release control and the possible imposition of up to 4 and one-half years of prison time for violations of the terms of post-release control results in a sentence in excess of the statutory maximum and is therefore unlawful and violates the constitutional prohibition against double jeopardy."
 {¶ 12} "8. The trial court erred in imposing a 9 year sentence in this case instead of the minimum sentence of three years as was required by Ohio law at the time of the alleged commission of the crime thus violating the retroactivity clause (Article 2 Section 28) [sic] of the Constitution of the state of Ohio and the Ex Post Facto Claus of the Federal Constitution."
 {¶ 13} Appellant's first, third, fourth, fifth, and sixth assignments of error stem from the trial court's judgment entry of December 10, 2007, and consist of issues that might properly or improperly be the subject of a petition for postconviction relief. Ayers' second, seventh, and eighth assignments of error involve alleged error on a direct appeal *Page 5 
from the trial court's December 18, 2007 judgment on resentencing. We shall first consider the assignments of error related to Ayers' petition for postconviction relief.
 {¶ 14} R.C. 2953.21 through 2953.23 set forth the means by which a convicted defendant may seek to have the trial court's judgment or sentence vacated or set aside. A defendant's petition for postconviction relief is a collateral civil attack on his criminal conviction.State v. Gondor, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 48. The statute affords relief from judgment where the petitioner's rights in the proceedings that resulted in his conviction were denied to such an extent the conviction is rendered void or voidable under the Ohio or United States Constitutions. R.C. 2953.21(A); State v. Perry (1967), 10 Ohio St.2d 175, paragraph four of the syllabus.
 {¶ 15} When a petition for postconviction relief is a second or successive petition, R.C. 2953.23(A)(1)(a) prohibits a trial court from hearing said petition unless the petitioner either demonstrates (1) that he was "unavoidably prevented from discovering the facts upon which" he relies; or (2) that after the 180 day time limit for filing a petition for postconviction relief, "the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based upon that right." See, also, State v. Smith, 9th Dist. Nos. 07CA009220, 07CA009252, 2008-Ohio-3589, at ¶ 5; State v. Christian, 7th Dist. No. 06MA167, 2007-Ohio-3336, ¶ 8. If this demonstration is made, the petitioner must then show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense of which [he] was convicted[.]" R.C. 2953.23(A)(1)(b). *Page 6 
 {¶ 16} Appellant's second petition for postconviction relief does not establish the existence of either of the prongs set forth in R.C. 2953.23(A)(1)(a). Accordingly, the trial court lacked the jurisdiction to consider appellant's second petition for postconviction relief.Smith, supra, ¶ 7; Christian, supra, ¶ 14. For this reason, appellant's first, third, fourth, fifth, and sixth assignments of error are not well-taken.
 {¶ 17} Appellant's second assignment of error asserts that the trial court erred in resentencing him to five years of postrelease control just 11 days before his nine year prison sentence was complete. We start with the proposition that in a case, such as the one before us, where an offender is found guilty of a first degree felony, he is subject to a mandatory five year period of postrelease control. See R.C. 2967.28(B)(1). When sentencing such an offender, a court must, pursuant to R.C. 2929.19(B)(3)(c), notify him of postrelease control both at his sentencing hearing, and in its judgment entry on sentencing. State v.Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, paragraph one of the syllabus.
 {¶ 18} When a trial court fails to notify an offender of postrelease control at his sentencing hearing, the sentence must be vacated and the matter remanded to the trial court for resentencing. Id. at paragraph two of the syllabus. That is what happened in the present case.Ayers II at ¶ 19-¶ 21. Therefore, upon our remand, the trial court could hold the requisite resentencing hearing and impose a five year period of postrelease control at any time before appellant's prison sentence was completed. See State v. Simpkins, 117 Ohio St.3d 420, 2008-Ohio-1197, syllabus. For this reason, appellant's second assignment of error is found not well-taken. *Page 7 
 {¶ 19} In his seventh assignment of error, appellant maintains that by sentencing him to five years of postrelease control, the trial court subjected him to a potential prison sentence of up to four and one-half years thereby exceeding the statutory maximum sentence for the offense he committed and violating the Double Jeopardy Clauses of Section 10, Article I, Ohio Constitution, and the Fifth and Fourteenth Amendments to the United States Constitution.
 {¶ 20} The Double Jeopardy Clause was designed, in part, to preserve the finality and integrity of judgments. State v. Simpkins, supra, ¶ 32 (Citations omitted.) However, "`a sentence does not have the qualities of constitutional finality that attend an acquittal.'" Id., quoting States v. De Francesco (1980) 449 U.S. 117, 134. Thus, "Where * * * the sentence imposed was unlawful and thus void, there can be no reasonable, legitimate expectation of finality in it." Simpkins
at ¶ 36 (Citations omitted.). As a result, resentencing does not violate finality or double jeopardy restraints because jeopardy does not attach to a void sentence. Id. at ¶ 37; Jordan, supra, at ¶ 25. Accordingly, appellant's seventh assignment of error is found not well-taken.
 {¶ 21} In his eighth assignment of error, appellant alleges that the trial court erred in sentencing him to nine years in prison rather that than the three year minimum sentence prescribed by R.C. 2929.14(B), as effective at the time that he was sentenced in 2001. The court below originally sentenced appellant to nine years in prison in that year. In resentencing appellant in December 2007, the court simply reiterated that sentence. In other words, the court did not impose an additional nine year sentence. Therefore, *Page 8 
appellant was sentenced under the law in effect in 2001. Moreover, as noted by appellee, appellant completed his sentence; consequently, any arguments pertaining to that sentence are moot. State v. Campbell
(2006), 166 Ohio App.3d 363, 2006-Ohio-2294, ¶ 10; State v. Bailey, 11th Dist. No. 2006-G-2734, 2007-Ohio-6160, ¶ 27. Thus, appellant's eighth assignment of error is found not well-taken.
 {¶ 22} On consideration whereof, the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, J., Arlene Singer, J., concur. *Page 1