[Cite as *Grubb & Assocs., LPA v. Brown*, 2018-Ohio-3526.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

GRUBB & ASSOCIATES LPA

    Appellants

    v.

STEPHEN J. BROWN, ESQ.

    Appellees

C.A. No.    17CA011201

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    16CV191158

DECISION AND JOURNAL ENTRY

Dated: September 4, 2018

SCHAFER, Presiding Judge.

{¶1} Plaintiffs-Appellants, Natalie F. Grubb, Esq. ("Attorney Grubb") and Grubb & Associates, L.P.A. (collectively "Grubb") appeal the decision of the Lorain County Court of Common Pleas granting a Civ.R. 12(B)(6) motion to dismiss in favor of Defendant-Appellee, Medina County Publications, Inc. (the "Medina Gazette"). We affirm.

I.

{¶2} On July 18, 2014, the Medina Gazette published an article entitled "Former client sues attorney[.]" According to the article, Grubb's former client, Amanda France, had filed a lawsuit accusing Grubb of fraud, breach of duty, and failure to provide competent services. The article went on to describe the allegations Amanda France made in her complaint against Grubb. The article also reported on statements made by Amanda France's attorney, Stephen Brown, regarding the claims alleged in Amanda France's action against Grubb.

{¶3} Thereafter, on December 13, 2016, Grubb filed suit against the Medina Gazette alleging claims of defamation per se and tortious interference with a business relationship.[1] Grubb filed her first amended complaint (the "complaint") on June 15, 2017, which asserted only two claims, counts two and three, against the Medina Gazette. In the complaint, Grubb claimed that the Medina Gazette published a defamatory article that "falsely accused [Grubb] by numerous allegations that on their face reflect upon Attorney Grubb's character in a manner that will cause her to be ridiculed, hated, held in contempt, or in a manner that will injure her in her trade or profession as an attorney." Further, Grubb claimed that the Medina Gazette tortiously interfered with Grubb's "existing business relationship" with Grubb's "then client, John France." Grubb explains in the complaint that John France was the husband of Amanda France—the former client who filed the lawsuit against Grubb prompting the article in the Medina Gazette.

{¶4} The Medina Gazette responded with a Civ.R. 12(B)(6) motion seeking dismissal of counts two and three of the complaint. Grubb opposed the motion. The trial court granted the motion, finding that Grubb failed to state claims, for defamation and tortious interference with a business relationship, upon which relief could be granted. By way of the August 29, 2017 journal entry, the trial court dismissed Grubb's claims against the Medina Gazette.

{¶5} Grubb timely appealed the trial court's decision, asserting three[2] assignments of error. For ease of analysis, we consider the assignments of error out of order.

---

[1] Grubb also asserted claims against other named defendants, attorneys Stephen J. Brown and Jennifer Matyac, however, those parties and the associated claims are not relevant to this appeal.
[2] We note that the "statement of assignments of error" in Grubb's brief references a fourth assignment of error purporting to challenge the trial court's grant of a summary judgment motion. However, Grubb did not present that assignment of error or argue it in the brief. Moreover, our review of the record reflects that there has been no summary judgment ruling in this matter.

II.

## Assignment of Error II

**The trial court erred in granting the [Medina] Gazette's motion to dismiss when Count II of the first amended complaint is sufficient to state a claim against the [Medina] Gazette for libel/defamation per se as a matter of law.**

{¶6}    In the second assignment of error, Grubb submits that the trial court erred in dismissing the claim of libel—defamation per se—for failure to state a claim.  The trial court determined that the Medina Gazette article reported the allegations actually made in Amanda France's complaint, but did not assert the truth of those allegations.  The trial court concluded, inter alia, that the pleadings established that the article, as presented, was true, and therefore not actionable.  Grubb challenges the trial court's determination and argues that the complaint sufficiently stated a claim.  We disagree.

{¶7}    This Court reviews an order granting a Civ.R. 12(B)(6) motion to dismiss de novo. *Perrysburg Twp. v. City of Rossford*, 103 Ohio St. 3d 79, 2004-Ohio-4362, ¶5.  A Civ.R. 12(B)(6) motion tests the sufficiency of the complaint, and dismissal is appropriate where the complaint "fail[s] to state a claim upon which relief can be granted."  Regarding sufficiency, notice pleading only requires that the complaint "shall contain * * * a short and plain statement of the claim showing that the party is entitled to relief[.]"  Civ.R. 8(A).  However, "the complaint must still set forth operative facts to give the opposing party 'fair notice of the nature of the action.'"  *Vagas v. City of Hudson*, 9th Dist. Summit No. 24713, 2009-Ohio-6794, ¶ 10, quoting *Mogus v. Scottsdale Ins. Co.*, 9th Dist. Wayne Nos. 03CA0074, 04CA0002, 2004-Ohio-5177, ¶ 15.  "Moreover, 'a complaint must be more than 'bare assertions of legal conclusions.'"  *Id.* quoting *Copeland v. Summit Cty. Probate Court*, 9th Dist. Summit No. 24648, 2009-Ohio-4860, ¶ 10.

{¶8} In construing a motion to dismiss pursuant to Civ.R. 12(B)(6), the court must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). Before the court may dismiss the complaint, it must appear beyond doubt that plaintiff can prove no set of facts entitling her to recovery. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. In determining a motion pursuant to Civ.R. 12(B)(6), the court cannot rely on evidence or allegations outside of the complaint. *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207, 1997-Ohio-169. However, "[m]aterial incorporated in a complaint may be considered part of the complaint for purposes of determining a Civ.R. 12(B)(6) motion to dismiss." *State ex rel. Crabtree v. Franklin Cty. Bd. of Health*, 77 Ohio St.3d 247, fn. 1 (1997)

{¶9} Grubb claims that the allegedly defamatory article published by the Medina Gazette is libelous per se. To establish a claim for libel, Grubb must demonstrate five elements: (1) that a false statement of fact was made, (2) the statement was defamatory, (3) the statement was published, (4) the plaintiff suffered injury as a proximate result of the publication, and (5) the defendant acted with the requisite degree of fault in publishing the statement. *Am. Chem. Soc. v. Leadscope, Inc.*, 133 Ohio St.3d 366, 2012-Ohio-4193, ¶ 77. Whether or not certain statements alleged to be defamatory are actionable is a matter for the court to decide. *Id*. at ¶ 78, quoting *Yeager v. Local Union 20*, 6 Ohio St.3d 369, 372 (1983). Written matter, such as the article at issue, "is libelous *per se* if, on its face, it reflects upon a person's character in a manner that will cause him to be ridiculed, hated, or held in contempt; or in a manner that will injure him in his trade or profession." *Gosden v. Louis*, 116 Ohio App.3d 195, 207 (9th Dist.1996).

{¶10} We begin our analysis by considering the first element of a claim of libel: whether the Medina Gazette made a false statement of fact. *Leadscope* at ¶ 77. The "Background" section of Grubb's complaint precedes the stated causes of action and includes a subsection entitled "The Defamatory Article in the Medina Gazette" which summarizes and quotes portions of the article. Those portions of the article that Grubb references either report statements made by Amanda France's attorney, Stephen Brown, or describe the allegations contained in Amanda France's lawsuit. Within this subsection there is no indication which, if any, of these quoted statements Grubb believes to be false.

{¶11} In count two of the complaint, Grubb asserts the claim of libel/defamation per se and, in addition to incorporating all preceding paragraphs by reference, states the following:

> 54. The [a]rticle was false and defamatory per se, as it falsely accused [Grubb] by numerous allegations that on their face reflect upon Attorney Grubb's character in a manner that will cause her to be ridiculed, hated, held in contempt, of in a manner that will injure her in her trade or profession as an attorney.

> 55. The [Medina] Gazette could have been [sic] easily verified that Amanda France had no standing to bring her action against [Grubb] and that the [m]ortgage [d]eed was signed by John France.

> 56. The [a]rticle is further false and defamatory per se because it accuses Attorney Grubb of mortgage fraud, which is a criminal offense of moral turpitude.

> 57. The [a]rticle was published without privilege in the [Medina] Gazette, a Medina County publication that is widely circulated to the general public.

> 58. The [Medina] Gazette was at least negligent in failing to make any attempt to ascertain the truth or veracity of the France Complaint or statements made to the [Medina] Gazette by Brown, which a casual search of public records would have revealed as false. Further, the [Medina] Gazette has published unverified and false statements regarding [Grubb] and their clients in the [a]rticle and numerous other articles over the past several years.

> 59. As a direct and proximate result of the published false statements in the [Medina] Gazette, [Grubb is] presumed as a matter of law to have suffered damages * * *.

Although Grubb refers to "numerous allegations" and makes passing reference to "unverified and false statements" in the article, Grubb only identifies one statement in the article that she claims is false and defamatory per se: an accusation that Attorney Grubb engaged in mortgage fraud, a criminal offense of moral turpitude. While Grubb alleges as a matter of fact that the article contains an accusation of mortgage fraud, such a claim is belied by the article itself, which is attached to the complaint as "Exhibit F" and incorporated into the pleading. We accept as true not only the factual allegation in the complaint, but also all items properly incorporated into the complaint. *Vagas*, 2009-Ohio-6794 at ¶ 11.

{¶12} The article stated, in pertinent part:

A Medina attorney who pleaded guilty to a fraud charge last year now faces a lawsuit from a former client accusing her of fraud, breach of duty[,] and failure to provide competent services.
Amanda France, of Tampa, Florida, filed a suit last week against attorney Natalie Grubb in Medina County Common Pleas Court. In the suit, France alleges Grubb failed to file a civil suit she was hired to prepare and accuses her of mortgage fraud.

* * *

The suit also alleges that Grubb acquired an open-end mortgage deed worth $130,000 on France's Florida home. According to the Hillsborough County auditor's website, the property Grubb secured the mortgage on is owned by France's husband, John France.
Brown said Grubb took out the mortgage without notifying France or her husband.

It is clear based on a plain reading of the article attached to the complaint that the Medina Gazette does not accuse Grubb of mortgage fraud, but rather reports that Grubb's former client is suing Grubb for mortgage fraud. The article informs that Amanda France's lawsuit alleged that Grubb committed mortgage fraud by acquiring a mortgage on her home, and the reporter further notes that the home appeared to be in the name of John France only. Such statements are verifiably true because Grubb also attached a copy of Amanda France's lawsuit to the complaint

as "Exhibit E" and incorporated it into the pleading. Again without accusing Grubb, the article indicates that France's attorney, Brown, said that Grubb took out the mortgage without notifying France or her husband.

{¶13} The essence of Grubb's argument is that the Medina Gazette published an article reporting on Amanda France's lawsuit without first investigating the allegations of the lawsuit or considering the merit of the claims. However, the article did not report any of the allegations in Amanda France's lawsuit as matter of fact, but, rather, qualified them as having been alleged in Amanda France's complaint or stated by her attorney. Grubb has not pleaded the existence of any actionable statement in the article falsely accusing Attorney Grubb of any act, let alone an act reflecting upon her character in a manner that will cause her to be ridiculed, hated, or held in contempt; or in a manner that will injure her in her trade or profession. *See Gosden*, 116 Ohio App.3d at 207. Therefore, Grubb cannot establish any set of facts to support the first element for a defamation claim that the article is libelous per se. Accordingly, we conclude that the trial court did not err in dismissing the second count of the complaint for failure to state a claim upon which relief can be granted.

{¶14} Grubb's second assignment of error is overruled.

### Assignment of Error III

**The trial court erred in granting the [Medina] Gazette's motion to dismiss when Count II[I] of the first amended complaint is sufficient to state a claim against the [Medina] Gazette for tortious interference with business relationship.**

{¶15} The same de novo standard of review applies to Grubb's third assignment of error, arguing that the trial court erred by dismissing its claim of tortious interference with a business relationship pursuant to Civ.R. 12(B)(6). *Rossford*, 2004-Ohio-4362, at ¶5. In the brief, Grubb contends that "John France was an ongoing client of [Grubb's firm] for years * * *"

and claims that it is "clear from the [complaint] that the business relationship terminated and that [Grubb's firm] received no more work from Mr. France following the publication of the [a]rticle." Grubb fails to develop or support this argument. However, our de novo review permits this Court to analyze this contention upon Grubb's complaint.

{¶16} "The elements of 'tortious interference with a business relationship are: (1) a contractual or business relationship; (2) knowledge of the relationship by the tortfeasor; (3) an intentional and improper act by the tortfeasor preventing formation of a contract, procuring breach of a contract, or termination of a business relationship; (4) lack of privilege on the part of the tortfeasor; and (5) resulting damage.'" *Bindra v. Fuenning*, 9th Dist. Summit No. 26489, 2013-Ohio-5722, ¶ 14, quoting *Tripp v. Beverly Ent.-Ohio, Inc.*, 9th Dist. Summit No. 21506, 2003-Ohio-6821, ¶ 48. A claim for tortious interference with a business relationship is similar to claim of tortious interference with a contract, "'but occurs when the result of the interference is not breach of contract, but that a third party does not enter into or continue a business relationship with the plaintiff.'" *Deems v. Ecowater Sys.*, 9th Dist. Summit No. 27645, 2016-Ohio-5022, ¶ 26, quoting *Magnum Steel & Trading L.L.C. v. Mink*, 9th Dist. Summit Nos. 26127, 26231, 2013-Ohio-2431, ¶ 10.

{¶17} In count three of the complaint, Grubb alleges as follows:

61. There was an existing business relationship between [Grubb] and their then client, John France.

62. The Defendants knew of this business relationship.

63. The Defendants have [tortiously] interfered with said business relationship, causing Mr. France to cease to conduct business with [Grubb].

64. Defendants' interference with [Grubb]'s business relationship with Mr. France was undertaken knowingly, maliciously and without right, privilege or justification, for their own economic benefit and personal gain.

{¶18} Examining the first element of the claim, the existence of a contractual or business relationship, Grubb alleges that that there was an *existing* business relationship with John France. Grubb then makes the bald assertion that defendant tortiously interfered with this relationship and caused Mr. France to cease to conduct business with Grubb. As this claim relates to the Medina Gazette, it appears from the complaint that the allegedly tortious conduct is publication of the article on July 18, 2014. However, in the complaint, Grubb avers that the attorney-client relationship between Grubb and John France—the only relationship alleged in the complaint—ended on May 20, 2013, citing to a court order granting a motion to withdraw as counsel attached to the complaint and incorporated into the pleadings as "Exhibit D." Thus, the facts that Grubb has alleged in the complaint, taken together with the incorporated material, establish that the only alleged relationship between Grubb and John France was not "existing" when the Medina Gazette published the article at issue, but rather that it had terminated more than a year prior to any alleged action on the part of the Medina Gazette.

{¶19} Specific facts alleged in the complaint refute the vague assertion that a business relationship existed, and we conclude that Grubb has failed to plead the existence of a contractual or business relationship to satisfy the first element of the claim. Further, having failed to establish the existence of a business relationship, Grubb has not alleged any facts to support a claim that the article published by the Medina Gazette caused John France to terminate or discontinue a business relationship with Grubb. Accordingly, we determine that Grubb also failed to plead the third element of a claim of tortious interference with a business relationship, and we conclude that the trial court did not err in dismissing this claim for failure to state a claim upon which relief can be granted.

{¶20} Grubb's third assignment of error is overruled.

**Assignment of Error I**

**The trial court erred in granting the [Medina] Gazette's motion to dismiss when [Grubb]'s first amended complaint set forth such facts that could entitled appellants to recover for the claims asserted.**

{¶21} In the first assignment of error Grubb contends that the complaint set forth sufficient facts to recover on claims against the Medina Gazette. However, aside from setting forth the standard of review for a motion to dismiss, Grubb makes only a single conclusory claim that

> [t]he [t]rial [c]ourt erred in going beyond the sufficiency of the [complaint] to find in favor of the [Medina] Gazette on its motion to dismiss, despite the fact that there is a set of facts, when all factual allegations in the complaint are taken as true and all reasonable inferences are drawn in favor of [Grubb], consistent with the [complaint], which would allow [Grubb] to recover on their claims against the [Medina] Gazette.

Grubb has not cited to authorities, statutes, or parts of the record, and has not presented an argument supporting this contention as required by App.R. 16(A)(7).

{¶22} To the extent that Grubb intended to assign error to the manner in which the trial court applied Civ.R. 12(B)(6), we find the issue moot because the proper standard has been articulated and applied in our determination of the second and third assignments of error. In so far as this assignment of error was intended to present any argument distinguishable from the second and third assignments of error, Grubb has neither presented nor supported such an argument and so we decline to consider it. *See* App.R. 12(A)(2), App.R. 16(A). An appellant's assignment of error must "provide[] this Court with a roadmap to guide our review." *Taylor v. Hamlin-Scanlon*, 9th Dist. Summit No. 23873, 2008-Ohio-1912, ¶ 12, citing App.R. 16(A). This Court will not "chart its own course" when an appellant fails to provide guidance. *Young v. Slusser*, 9th Dist. Wayne No. 08CA0019, 2008-Ohio-4650, ¶ 7. "It is not this Court's duty to

create an appellant's argument for him." *Thomas v. Bauschlinger*, 9th Dist. Summit No. 27240, 2015-Ohio-281, ¶ 8.

**{¶23}** Grubb's first assignment of error is overruled.

III.

**{¶24}** Grubb's three assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgement affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

JULIE A. SCHAFER
FOR THE COURT

CARR, J.
TEODOSIO, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

NATALIE F. GRUBB and MARK E. OWENS, Attorneys at Law, for Appellants.

JOHN T. MURPHY and MAIA JERIN, Attorneys at Law, for Appellees.

MONICA L. DIAS, Attorney at Law, for Appellee.