[Cite as *Fisher v. Ahmed*, 2020-Ohio-1196.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

HOLLY TRIVETT FISHER, et al.

    Appellants

    v.

KASSIM AHMED, et al.

    Appellees

C.A. No.     29340

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV-2018-07-2848

DECISION AND JOURNAL ENTRY

Dated: March 31, 2020

SCHAFER, Judge.

{¶1} Plaintiff-Appellant, Holly Trivett Fisher, appeals the judgment of the Summit County Court of Common Pleas granting the motion of Defendant-Appellee, Summit County, for judgment on the pleadings and granting the motion of Defendant-Appellee, Kassim Ahmed, to dismiss for failure to state claim upon which relief can be granted. For the reasons that follow, this Court reverses the judgment as to the two counts of defamation only.

I.

{¶2} Fisher and her husband filed a complaint against Ahmed and the Summit County Prosecutor's Office on July 10, 2018. The original complaint asserted causes of action for defamation, intentional infliction of emotional distress, and loss of consortium. Ahmed and the Prosecutor's Office each filed a motion to dismiss the complaint.

{¶3} The Fishers filed an amended complaint on September 21, 2018. In the amended complaint they named as defendants Ahmed and Summit County and dropped the Prosecutor's

Office as a defendant. The amended complaint asserted two counts of defamation per se, and one count each of intentional infliction of emotional distress, loss of consortium, and civil liability for violation of R.C. 2917.32. Ahmed filed a Civ.R. 12(B)(6) motion to dismiss the amended complaint for failure to state a claim upon which relief can be granted. The County filed an answer to the amended complaint and then moved, pursuant to Civ.R. 12(C), for judgment on the pleadings. Fisher filed an omnibus response to the motions. Ahmed and the County each filed a reply in support of their respective motions.

{¶4} The trial court issued its judgment entry on February 20, 2019. The trial court granted the County's motion for judgment on the pleadings as to all counts asserted in the amended complaint and entered judgment in favor of the County. The trial court also granted Ahmed's motion and dismissed all claims asserted against Ahmed.

{¶5} Fisher timely appealed the trial court's entry of judgment in favor of the County and dismissal of her claims against Ahmed as to the two counts of defamation only. Fisher has not appealed the trial court's entry of judgment and dismissal of her claims for intentional infliction of emotional distress, or civil liability for violation of R.C. 2917.32. Fisher's husband has not appealed the entry of judgment and dismissal of his loss of consortium claim. Fisher raises four assignments of error for our review.

II.

{¶6} On appeal, Fisher presents four assignments of error contesting the trial court's decision dismissing the claims for defamation as to Ahmed and entering judgment on the defamation claims in favor of the County. Fisher argues that the trial court failed to properly and appropriately apply the standard for ruling on the motion to dismiss and motion for judgment on the pleadings. Fisher contends that the trial court construed facts alleged in the complaint in the

movant's favor, ignored facts alleged in the complaint, and asserts that the decision contained errors of law, and fact.

{¶7} Preliminarily, we will discuss topics germane to each of the assignments of error. Ahmed's and the County's motions presented similar and overlapping arguments, and the trial court did not distinguish between the motions as to the basis for its decision. Accordingly, we will address the applicable standards of review for a Civ.R. 12(C) motion for judgment on the pleadings and a Civ.R. 12(B)(6) motion to dismiss.

**Civ.R. 12(B)(6) motion to dismiss**

{¶8} A Civ.R. 12(B)(6) motion tests the sufficiency of the complaint, and dismissal is appropriate where the complaint "fail[s] to state a claim upon which relief can be granted." Regarding sufficiency, notice pleading only requires that the complaint "shall contain * * * a short and plain statement of the claim showing that the party is entitled to relief[.]" Civ.R. 8(A). However, "the complaint must still set forth operative facts to give the opposing party 'fair notice of the nature of the action.'" *Vagas v. City of Hudson*, 9th Dist. Summit No. 24713, 2009-Ohio-6794, ¶ 10, quoting *Mogus v. Scottsdale Ins. Co.*, 9th Dist. Wayne Nos. 03CA0074, 04CA0002, 2004-Ohio-5177, ¶ 15. "'[A] complaint must be more than 'bare assertions of legal conclusions.'" *Id.* quoting *Copeland v. Summit Cty. Probate Court*, 9th Dist. Summit No. 24648, 2009-Ohio-4860, ¶ 10.

{¶9} When construing a motion to dismiss pursuant to Civ.R. 12(B)(6), the court must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). Before the court may dismiss the complaint, it must appear beyond doubt that plaintiff can prove no set of facts entitling her to recovery. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio

St.2d 242 (1975), syllabus. When considering a motion pursuant to Civ.R. 12(B)(6), the court cannot rely on evidence or allegations outside of the complaint. *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207 (1997). However, "[m]aterial incorporated in a complaint may be considered part of the complaint for purposes of determining a Civ.R. 12(B)(6) motion to dismiss." *State ex rel. Crabtree v. Franklin Cty. Bd. of Health*, 77 Ohio St.3d 247, fn. 1 (1997).

{¶10} This Court reviews an order granting a Civ.R. 12(B)(6) motion to dismiss de novo. *Perrysburg Twp. v. City of Rossford*, 103 Ohio St. 3d 79, 2004-Ohio-4362, ¶ 5. "A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination." *State v. Consilio*, 9th Dist. Summit No. 22761, 2006-Ohio-649, ¶ 4.

**Civ.R. 12(C) motion for judgment on the pleadings**

{¶11} Civ.R. 12(C) provides that, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." A motion for judgment on the pleadings pursuant to Civ.R. 12(C) is properly characterized as a belated Civ.R. 12(B)(6) motion for failure to state a claim upon which relief may be granted; therefore, the same standard applies to both motions. *Business Data Sys., Inc. v. Figetakis*, 9th Dist. Summit No. 22783, 2006-Ohio-1036, ¶ 7. Although similar to a Civ.R. 12(B)(6) motion, Civ.R. 12(C) motions "are specifically for resolving questions of law[.]" (Internal citation omitted.) *State ex rel. Midwest Pride IV Inc. v. Pontious,* 75 Ohio St.3d 565, 570 (1996). "Civ.R. 12(C) presents an onerous burden for litigants and consequently, a trial court must be circumspect in its analysis of Civ.R. 12(C) motions." *Figetakis* at ¶ 10. The trial court must limit its inquiry to the material allegations in the pleadings—accepting those allegations and all reasonable inferences as true—and, if it is clear from the pleadings that plaintiff could prove no set of facts which would entitle him to relief,

judgment on the pleadings is appropriate as a matter of law. *Gawloski v. Miller Brewing Co.*, 96 Ohio App.3d 160, 163 (9th Dist.1994).

{¶12} Because a Civ.R. 12(C) motion presents only questions of law, our review of the decision is de novo. *White v. King*, 147 Ohio St.3d 74, 2016-Ohio-2770, ¶ 13.

## R.C. Chapter 2744 immunity

{¶13} Ohio's Political Subdivision Tort Liability Act, which governs political subdivision liability and immunity, is codified in Chapter 2744 of the Revised Code. In its judgment entry, the trial court held that all defendants had immunity from this action pursuant to R.C. Chapter 2744. In support of this conclusion, the trial court briefly stated that the County "is a political subdivision that is generally immune from tort liability under R.C. 2744.02(A)(1) for its own acts and the acts of its employees[,]" and "[n]one of the five statutory exceptions of R.C. 2744.02(B) immunity apply to abrogate the County's comprehensive immunity[.]"

{¶14} The trial court flatly rejected Fisher's position that, pursuant to R.C. 2744.09(B), political subdivision immunity would not apply to the County in this action. The trial court found that Fisher failed to "ple[a]d any facts to support the[] argument that [her] causes of action necessarily arose out of her employment relationship with Summit County, such that R.C. 2744.09(B) would [apply]."

{¶15} Additionally, the trial court summarily stated that Fisher had not pleaded "any facts, as distinguished from conclusory statements, to overcome Ahmed's immunity as an employee of the County under R.C. 2744.03(A). On this basis, and without discussion or analysis, the trial court apparently concluded that Ahmed was immune from suit as an employee of a political subdivision.

{¶16} On the grounds of political subdivision immunity, the trial court dismissed all counts of the action as to Ahmed and granted judgment on all counts in favor of the County. In the first two assignments of error, Fisher contends that the trial court erred by entering judgment on and dismissing the claims for slander and libel pursuant to R.C. Chapter 2744. We agree.

### Assignment of Error I

**The trial court erred in finding Fisher alleged no set of facts that could prove Fisher's slander and libel claims did not arise out of Fisher's employment relationship with Summit County under R.C. [] 2744.0(B).**

{¶17} In her first assignment of error, Fisher asks this Court to reverse the trial court's decision to enter judgment in favor of the County, as it relates to her defamation claims, based on political subdivision immunity. Fisher contends that the trial court erred when it found that she failed to plead sufficient facts to support her claim that her causes of action necessarily arose out of her employment relationship with the County, thereby implicating R.C. 2744.09(B).

{¶18} R.C. 2744.09(B) provides that R.C. Chapter 2744 "does not apply, and shall not be construed to apply to, * * * [c]ivil actions by an employee * * * against [her] political subdivision relative to any matter that arises out of the employment relationship between the employee and the political subdivision[.]" The significance of R.C. 2744.09(B) is that it removes the immunity from civil actions conferred upon a political subdivision by R.C. Chapter 2744. In its decision, the trial court held that the County was immune from this action pursuant to R.C. 2744.02, and that no exception applied to abrogate that immunity. In reaching that conclusion, the trial court rejected Fisher's argument that R.C. 2744.09(B) applied in this case and precluded the County's claim to political subdivision immunity. We agree that the trial court erred by concluding that the County was immune and by granting judgment on the pleadings because, as discussed below, the trial

court applied a pleading standard contrary to law and failed to properly analyze the pleadings pursuant to the Civ.R. 12(C) standard.

{¶19} A court engages in a three-tiered analysis to determine whether a political subdivision is immune from liability for damages in a civil action. *Moss v. Lorain Cty. Bd. of Mental Retardation*, 9th Dist. Lorain No. 13CA010335, 2014-Ohio-969, ¶ 10. The first tier establishes generally that "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision * * * in connection with a governmental or proprietary function." R.C. 2744.02(A)(1); *Moss* at ¶ 10. In the second tier, the court must consider the applicability of any of the five exceptions to immunity listed in R.C. 2744.02(B)(1)-(5). If any of those exceptions apply, the court moves to the third tier to consider whether immunity can be restored based on the defenses enumerated in R.C. 2744.03. *Id.*

{¶20} "Statutory immunity, including political-subdivision immunity, is an affirmative defense," which must be asserted in a responsive pleading. *Supportive Solutions, L.L.C. v. Electronic Classroom of Tomorrow*, 137 Ohio St.3d 23, 2013-Ohio-2410, ¶ 17, citing *Turner v. Cent. Local School Dist.*, 85 Ohio St.3d 95, 98 (1999). While a political subdivision may utilize Civ.R. 12(C) to seek judgment on the basis of statutory immunity, a motion for judgment on the pleadings is only an appropriate means "to obtain an adjudication of the validity of the affirmative defense [if] that validity can be determined solely from the allegations in the pleadings." *Epperly v. Medina City Bd. of Edn.*, 64 Ohio App.3d 74, 75-76, (9th Dist.1989). However, "the assertion of an affirmative defense does not place a burden on the non-moving party to affirmatively demonstrate or plead the absence of, or any exception to, immunity." *Ganzhorn v. R & T Fence Co.*, 11th Dist. Portage No. 2010-P-0059, 2011-Ohio-6851, ¶ 13. Therefore, the absence of factual

allegations in the complaint is not a proper basis for determining the validity of an affirmative defense.

{¶21} A plaintiff is under no obligation to prove her own case in the initial pleadings and certainly "'need not affirmatively dispose of the immunity question altogether at the pleading stage.'" *Chunyo v. Gauntner*, 9th Dist. Summit No. 28346, 2017-Ohio-5555, ¶ 10, quoting *Scott v. Columbus Dept. of Pub. Utils.*, 192 Ohio App.3d 465, 2011-Ohio-677, ¶ 8 (10th Dist.) (concluding that requiring a plaintiff to demonstrate an exception to immunity at the pleading stage would be tantamount to "requiring a plaintiff to overcome a motion for summary judgment at the pleading stage."). A plaintiff does not have to "anticipate a political subdivision['s] defenses and plead specific facts to counteract a possible affirmative defense of sovereign immunity." *Hitchcock v. Akron City Schools Bd. of Education*, 9th Dist. Summit No. 23632, 2008-Ohio-2668, ¶ 13. Thus, there is no "heightened pleading requirement" that would require Fisher to allege specific facts regarding exceptions to immunity when bringing suit against a political subdivision. *Rogers v. Akron City School Sys.*, 9th Dist. Summit No. 23416, 2008-Ohio-2962, ¶ 17.

{¶22} Upon review of the pleadings, this Court cannot discern a plausible foundation for the trial court's summary conclusion that the County was entitled to political subdivision immunity without exception. Regardless, the trial court erred by faulting Fisher for failing to establish in her complaint that R.C. 2744.09(B) "would exempt [her] claims from the operation of political subdivision immunity altogether." Fisher was not required to plead or prove the absence of the County's affirmative defense in order to avoid judgment on the pleadings[1]. *See Chaffee*

---

[1] Still, in her complaint Fisher did preemptively allege that political subdivision immunity was unavailable to Ahmed and the County because of R.C. 2744.09(B). In her brief in opposition to the County's motion, Fisher argued to the trial court that she *had* pleaded "sufficient facts" to create a question—material to the applicability of R.C. 2744.09(B) as a bar to the County's

*Chiropractic Clinic, Inc. v. Stiffler*, 9th Dist. Wayne No. 16AP0033, 2017-Ohio-7790, ¶ 13. The trial court erred when it placed a burden on Fisher to plead facts to support an argument that R.C. 2744.09(B) would bar a potential affirmative defense of political subdivision immunity. "[W]hen 'reviewing a motion for judgment on the pleadings, a complainant's failure to allege specific facts to disprove possible affirmative defenses of the defendant should not be fatal to the complaint[.]'" *Harris Farms, LLC v. Madison Twp. Trustees*, 4th Dist. Scioto No. 17CA3817, 2018-Ohio-4123, ¶ 17 quoting *Mangelluzzi v. Morley*, 8th Dist. Cuyahoga No. 102272, 2015-Ohio-3143, ¶ 13. The pleadings in this matter simply do not provide the relevant factual allegations that would be necessary to conclusively determine as a matter of law whether R.C. 2744.09(B) precludes application of R.C. Chapter 2744 in this case and, if not, whether the County is entitled to R.C. 2744.02 immunity. *See Clardy v. Medina Twp. Bd. of Trustees*, 9th Dist. Medina No. 17CA0075-M, 2018-Ohio-2545, ¶ 11.

{¶23} Because issues of material fact remain unresolved by the pleadings, we conclude that the trial court erred by granting judgment as a matter of law on the issue of political subdivision immunity. Fisher's first assignment of error is sustained.

### Assignment of Error II

**The trial court erred in finding Fisher alleged no set of facts that could overcome Ahmed's immunity as a Summit County employee under RC. [] 2744.03(A).**

{¶24} In her second assignment of error, Fisher asks this Court to reverse the trial court's decision dismissing her defamation claims against Ahmed based on employee political subdivision

---

affirmative defense—as to whether this civil action arose from her employment relationship with the County. Nevertheless, Fisher argued that it would be premature for the trial court to resolve the factual questions on the issue of immunity at the pleading stage.

immunity. Fisher contends that she pleaded sufficient facts to show that Ahmed's defamatory statements were made with malicious purpose, in bad faith, and in a wanton or reckless manner.

{¶25} Pursuant to R.C. 2744.03(A)(6), immunity extends to the individual employees of a political subdivision. However, we do not apply the same three-tiered analysis used to determine political subdivision immunity when considering an employee's claim of immunity. *Lambert v. Clancy*, 125 Ohio St.3d 231, 2010-Ohio-1483, ¶ 10. "Instead, R.C. 2744.03(A)(6) provides that an employee is personally immune from liability unless '(a) [t]he employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities; (b) [t]he employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; [or] (c) [c]ivil liability is expressly imposed upon the employee by a section of the Revised Code.'" *Id.*, quoting R.C. 2744.03(A)(6).

{¶26} In its ruling, the trial court faulted Fisher for failing to plead "any facts, as opposed to conclusory statements, to overcome Ahmed's immunity as a County employee under R.C. 2744.03(A)." While Fisher directly challenges the veracity of the trial court's finding, we need not reach that issue in our review. Fisher was not required to plead facts to overcome immunity in order to avoid dismissal for failure to state a claim upon which relief can be granted, and the trial court erred by imposing such a standard. As we explained in the previous assignment of error, Fisher was not required to anticipate a not-yet-raised affirmative defense of political subdivision immunity, much less plead facts to establish an exception to immunity, in order for her claims to survive a Civ.R. 12(B)(6) challenge. *See Rogers*, 2008-Ohio-2962 at ¶ 19. Fisher had no burden to show the absence of immunity at the pleading stage—as she might be required to do in response to a motion for summary judgment—by proactively disproving an immunity defense in the complaint. *Scott*, 2011-Ohio-677 at ¶ 8.

{¶27} "[A] Civ.R. 12(B)(6) motion to dismiss based upon an affirmative defense is only properly granted where the defense is conclusively established from the face of the complaint." *Brannon v. Edman*, 9th Dist. Summit No. 28544, 2018-Ohio-70, ¶ 9, citing *Jones v. Goodyear Tire & Rubber Co.*, 9th Dist. Summit No. 21724, 2004-Ohio-2821, ¶ 12. Even assuming that the facts and allegations of the complaint conclusively established that Ahmed is generally personally immune from liability, the complaint does not conclusively establish the inapplicability of an exception to immunity—such as the R.C. 2744.03(A)(6)(b) exception for an employee's act or omission taken with malicious purpose, in bad faith, or in a wanton or reckless manner—that Fisher asserts is applicable here. Moreover, "we remain mindful that issues regarding whether an actor's conduct was malicious, wanton, reckless, or in bad faith are generally for the trier of fact to decide," and not an appropriate determination under Civ.R. 12(B)(6). *Chunyo*, 2017-Ohio-5555 at ¶ 10. It is not apparent on the face of the pleadings that there exists no set of facts upon which Fisher could succeed on her defamation claims in light of the claimed defense of immunity. *Brannon*, 2018-Ohio-70 at ¶ 9. The trial court erred by dismissing Fisher's defamation claims against Ahmed on the basis of political subdivision employee immunity. Fisher's second assignment of error is sustained.

**Alternative grounds for judgment and dismissal.**

{¶28} Having sustained the first two assignments of error we conclude that the trial court erred by entering judgment and dismissing the defamation claims based on political subdivision immunity. However, after dismissing and entering judgment as to all of Fisher's claims on immunity grounds, the trial court proceeded to enter judgment and dismiss the claims based on the alternative arguments Ahmed presented in his motion to dismiss and the County presented in its motion for judgment on the pleadings. Prior to addressing Fisher's third and fourth assignments

of error, we will preliminarily discuss the trial court's additional consideration of Fisher's claims, as well as the elements of a defamation claim. Here again, the topics are germane to these assignments of error, both of which involve a de novo review of the County's Civ.R. 12(C) motion for judgment on the pleadings and Ahmed's Civ.R. 12(B)(6) motion to dismiss. *King*, 2016-Ohio-2770 at ¶ 13; *Perrysburg*, 2004-Ohio-4362 at ¶ 5.

{¶29} Regarding the claims for defamation, the trial court found that Fisher's claims failed for several reasons. First, the trial court stated that Fisher's failure to specifically allege in the complaint that Ahmed's statements were made "without privilege" was fatal to the defamation claims. The trial court also concluded that "the written statements by Ahmed about which [are the subject of the second count of Fisher's complaint] were absolutely privileged because they were statements made to law enforcement officials or to members of management pursuant to Summit County Codified Ordinances Section 169.19." Additionally, the trial court further implied "that Ahmed's oral statements were qualifiedly privileged," because Fisher had "not ple[aded] facts, as opposed to conclusory statements, to support her argument that they were made with actual malice * * *."

{¶30} The trial court also stated that, to be actionable, a defamatory statement must be untrue. The trial court apparently concluded that "Ahmed's statements were about a matter of public concern" and, therefore, "the First Amendment required [] Fisher to plead facts showing that they were untrue." Focusing only on a portion of "Ahmed's statements—that [] Fisher saw him in the Courthouse hallway, and nevertheless collided with him—"the trial court found that Fisher's complaint "does not aver facts showing that the gist of [those statements] are untrue" and disregarded the remainder of Ahmed's statements alleged in the complaint as "exaggeration" constituting "opinion or hyperbole, which is not actionable as a matter of law."

{¶31} The trial court concluded that, because Fisher did not plead facts to support each of the elements of defamation, the first and second counts of her complaint failed as a matter of law. The trial court entered judgment on those claims in favor of the County and dismissed those claims as to Ahmed.

**Elements of a defamation claim.**

{¶32} "Defamation is a false publication that injures a person's reputation." *Gosden v. Louis*, 116 Ohio App.3d 195, 206 (9th Dist.1996). "Written defamation is known as libel; spoken defamation is known as slander." *Id*. To prevail in a defamation case, a plaintiff must demonstrate five elements:

> (1) that a false statement of fact was made, (2) that the statement was defamatory, (3) that the statement was published, (4) that the plaintiff suffered injury as a proximate result of the publication, and (5) that the defendant acted with the requisite degree of fault in publishing the statement.

*Am. Chem. Soc. v. Leadscope, Inc.*, 133 Ohio St.3d 366, 2012-Ohio-4193 ¶ 77. To establish the requisite degree of fault, the plaintiff must show fault of at least negligence on the part of the defendant, though stricter burdens of proof apply in certain circumstances. *Northeast Ohio Elite Gymnastics Training Ctr., Inc. v. Osborne*, 183 Ohio App.3d 104, 2009-Ohio-2612, ¶ 7 (9th Dist.).

{¶33} There are two kinds of defamation; defamation per se occurs when material is defamatory on its face; defamation per quod occurs when material is defamatory through interpretation or innuendo. *Gosden*, at 206. Fisher asserted one count of slander per se and one count of libel per se. An allegedly slanderous or libelous statement is actionable as defamation per se if it: (1) alleges an indictable criminal offense involving moral turpitude; (2) imputes a loathsome or contagious disease that would exclude a person from society; (3) tends to injure a person in his trade or occupation; and, additionally, (4) written matter is libelous per se if it tends

to subject a person to public hatred, ridicule, or contempt. *Dunnigan v. City of Lorain*, 9th Dist. Lorain No. 02CA008010, 2002-Ohio-5548, ¶ 35; *Gosden*, at 207.

**Assignment of Error III**

**The trial court erred in finding Fisher alleged no set of facts that could prove Ahmed's slanderous and libelous statements were made without privilege.**

{¶34} In her third assignment of error, Fisher argues that, "[s]ince absolute and qualified privileges are a defense and not prima facie elements, the trial court erred in dismissing Fisher's slander and libel claims for failing to aver Ahmed's slanderous and libelous statements were published without privilege."

{¶35} We recognize that the description of the elements of defamation may vary from case to case. Relevant to this case, and as the County and Ahmed have emphasized, the publication element is sometimes described as a statement that is "'published *without privilege* to a third party[.]'" (Emphasis added.) *Osborne*, 2009-Ohio-2612 at ¶ 7, quoting *Gosden* at 206. Other cases omit the phrase "without privilege" when stating the publication element. *See, e.g.*, *Leadscope*, 2012-Ohio-4193 at ¶ 77; *Grubb & Assoc. LPA v. Brown*, 9th Dist. Lorain No. 17CA011201, 2018-Ohio-3526, ¶ 9; *Anderson v. WBNS-TV, Inc.*, Slip Opinion, 2019-Ohio-5196, ¶ 9. This distinction aside, a plaintiff is not required to plead facts to show the absence of a privilege because lack of privilege is not an essential element of defamation. *See Hahn v. Kotten*, 43 Ohio St.2d 237, 243 (1975).

{¶36} However, privilege is a *defense* asserting that an alleged defamatory statement, "except for the occasion on which or the circumstances under which it [wa]s made, would be defamatory, and actionable." *Costanzo v. Gaul*, 62 Ohio St.2d 106, 108 (1980). Otherwise stated, even where each of the essential elements of a defamation claim are established, the defendant can assert privilege to defend against liability for a defamatory statement. Consequently, we conclude

that the trial court erred when it held that Fisher's failure to plead that Ahmed's statements were made without privilege was fatal to her claims for libel and slander.

{¶37} We next consider the trial court's conclusion that Ahmed's written statements were absolutely privileged as a matter of law, and that "to the extent" that Ahmed's oral statements were qualifiedly privileged, Fisher failed to plead facts to show that they were made with actual malice.

{¶38} Privileged communications may be either absolutely or qualifiedly privileged. *Morgan v. Community Health Partners*, 9th Dist. Lorain No. 12CA010242, 2013-Ohio-2259, ¶ 9. A qualified or conditional privilege "does not change the actionable quality of the words published, but merely rebuts the inference of malice that is imputed in the absence of privilege, and makes a showing of falsity and actual malice essential to the right of recovery." *Hahn*, 43 Ohio St.2d 237 at 244. On the other hand, "absolute privilege protects the publisher of a false, defamatory statement even though it is made with actual malice, in bad faith and with knowledge of its falsity." *M.J. DiCorpo, Inc. v. Sweeney*, 69 Ohio St.3d 497, 505 (1994).

{¶39} "'Affirmative defenses such as privilege (see Civ.R. 8[C] ) generally are not properly raised in a Civ.R. 12(B)(6) motion because they usually require reference to materials outside the complaint.'" *Gall v. Dye*, 9th Dist. Lorain No. 98CA007183, 1999 WL 692440, *3 (Sept. 8, 1999), quoting *Bell v. Horton*, 107 Ohio App.3d 824, 826 (4th Dist.1995). However, if the existence of an affirmative defense is obvious from the face of the complaint, it may be raised in a Civ.R. 12(B)(6) motion. *Id.* The assertion of privilege as a justification for defamation is set forth as a defense "because usually the plaintiff's action is based upon defamatory language, and no allusion is made in his pleading to any defense which the defendant may interpose. But when the plaintiff in his own pleading in an action for libel sets forth a complete justification of the defendant by way of an absolute privilege, as fully as the defendant might have done, then it cannot

be said that the plaintiff has set forth a cause of action which justifies recovery." *Buehrer v. Provident Mut. Life Ins. Co.*, 123 Ohio St. 264, 273-74 (1931).

{¶40} "Absolute privilege is applied narrowly and 'has been generally limited to legislative and judicial proceedings, and other acts of state[.]'" *Morgan v. Community Health Partners*, 9th Dist. Lorain No. 12CA010242, 2013-Ohio-2259, ¶ 10, quoting *Costanzo*, **** at 109. Fisher alleged in her complaint that Ahmed made multiple libelous statements, including an incident report "sent to the [Summit County] Sheriff's Department whereby he accused her of criminal assault." As a matter of public policy, an absolute privilege protects statements that report a possible crime, because a privilege under such circumstances encourages "'the reporting of criminal activity by removing any threat of reprisal in the form of civil liability.'" *Lasater v. Vidahl*, 9th Dist. Summit No. 26242, 2012-Ohio-4918, ¶ 7, quoting *Sweeney* at 505. In her brief on appeal, Fisher does not contest the trial court's conclusion that this incident report is covered by absolute privilege as statements made to law enforcement officials.

{¶41} Still, the incident report was not the only basis for Fisher's libel claim. Fisher also specifically alleged in the complaint that "Ahmed made multiple libelous statements in a letter written on [Summit County] Prosecutor's Office letterhead sent to Fisher's supervisor, co-workers, judges and employees within the Courthouse accusing her of assault, being boorish, rude, and unprofessional." The trial court held that statements in Ahmed's letter were absolutely privileged as statements made to "management pursuant to Summit County Codified Ordinances Section 169.19." Fisher contends that there is no absolute privilege for internal workplace reports and that the letter is not subject to absolute privilege. This Court is unaware of any authority for the application of absolute immunity for a letter sent to "management," among others, in or associated with one's workplace. Moreover, insofar as the trial court found that Ahmed made the statements

in the letter pursuant to a local ordinance, the pleadings do not support such a conclusion. Thus, we conclude that the trial court erred by finding that statements, other than those contained in the incident report to the Sheriff, were absolutely privileged.

{¶42} The Supreme Court of Ohio has stated that the essential elements of a conditionally or qualifiedly privileged communication include (1) good faith, (2) an interest to be upheld, (3) a statement limited in its scope to this purpose, and (4) a proper occasion, and publication in a proper manner and to proper parties only. *Jackson v. Columbus*, 117 Ohio St.3d 328, 2008-Ohio-1041, ¶ 9, quoting *Hahn*, 43 Ohio St.2d at 244. "The defense of qualified privilege applies to those situations where 'society's interest in compensating a person for loss of reputation is outweighed by a competing interest that demands protection.'" *Jones v. White*, 9th Dist. Summit No. 18109, 1997 WL 669737, *6, quoting *A & B-Abell Elevator Co. v. Columbus/Cent. Ohio Bldg. & Constr. Trades Council*, 73 Ohio St.3d 1, 8 (1995). Once established, a qualified privilege can be defeated by a clear and convincing showing that the communication was made with actual malice. *A & B-Abell* at 11.

{¶43} In its judgment entry, the trial court assumed that "to the extent" that they were privileged, Fisher failed to plead facts, rather than conclusory statements, to show that the statements were made with actual malice. Thus, it does not appear that the trial court ever resolved the issue of whether Ahmed's oral statements were qualifiedly privileged. This is significant because "[t]he issue of malice is consigned to the question of abuse of privilege. It does not arise unless a privilege is first found to exist." *Id*. Without a determination that a qualified privilege existed, the trial court had no cause to consider whether Fisher could demonstrate actual malice.

{¶44} Moreover, even if the pleadings could establish the existence of a qualified privilege, Fisher was not required to state facts to prove actual malice *in the complaint*. We again

stress that a plaintiff is not required to prove her case at the pleading stage, let alone plead facts to negate a potential affirmative defense such as privilege. *See Molnar v. City of Green*, 9th Dist. Summit No. 29072, 2019-Ohio-3083, ¶ 13. Judgment or dismissal at the pleading stage is not appropriate unless an affirmative defense is obviously and conclusively demonstrated on the pleadings. *Brannon*, 2018-Ohio-70 at ¶ 9. A mere failure to plead specific facts showing actual malice, on its own, would not permit the conclusion that Fisher could prove no set of facts to entitle her to relief. Consequently, the trial court did not state a proper basis for granting a motion to dismiss or motion for judgment on the pleadings upon a qualified privilege.

{¶45} The trial court erred, as a matter of law, when it held Fisher to a standard requiring her to plead facts in anticipation of an affirmative defense to show that she could overcome a qualified privilege to recover on her defamation claims. This error is compounded by the trial court's failure to determine in the first instance whether the complaint could conclusively show that Ahmed's statements met the elements necessary to establish the defense of qualified privilege. *Dye*, 1999 WL 692440 at *4. Therefore, we conclude the trial court erred by dismissing and entering judgment on Fisher's claims based on absolute and qualified privilege. Fisher's third assignment of error is sustained.

### Assignment of Error IV

**The trial court erred in finding Fisher alleged no set of facts that could prove Ahmed's slanderous and libelous statements were false.**

{¶46} Fisher argues that the trial court erred in holding that Ahmed's statements were about a matter of public concern and, consequently, imposing a heightened standard of proof. Fisher further contends that the trial court erred by concluding that Fisher failed to plead facts to show that Ahmed's statements were untrue, and that any exaggeration by Ahmed was not actionable as a matter of law.

{¶47} In Ohio, when a private person alleges that she was defamed by a statement, the substance of which is a matter of public concern, she bears the burden of proving the falsity of the statement, and proving by clear and convincing evidence that the defendant was at least negligent in publishing it. *Anderson*, 2019-Ohio-5196 at ¶ 8, quoting *Dale v. Ohio Civil Serv. Emps. Assn.*, 57 Ohio St.3d 112, 114 (1991); citing *Lansdowne v. Beacon Journal Pub. Co.*, 32 Ohio St.3d 176, 180 (1987) and, *Oney v. Allen*, 39 Ohio St.3d 103, 106 (1988), fn. 2. To determine whether a statement is a matter of public concern, the court must consider the "content, form, and context [of the statement] as revealed by the whole record." *Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.*, 472 U.S. 749, 761 (1985), quoting *Connick v. Myers*, 461 U.S. 138, 147-148 (1983). "'[P]ublic concern is something that is a subject of legitimate news interest; that is, a subject of general interest and of value and concern to the public at the time of publication.'" *Woods v. Capital Univ.*, 10th Dist. Franklin No. 09AP-166, 2009-Ohio-5672, ¶ 38 (considering a newspaper publication of statements involving a matter of public concern), quoting *San Diego v. Roe*, 543 U.S. 77, 83-84, (2004).

{¶48} In its judgment entry, the trial court stated that

> [t]o be actionable in Ohio, a defamatory statement must also be untrue, and because Defendant Ahmed's statements were about a matter of public concern, the First Amendment required Mrs. Fisher to plead facts showing that they were untrue.

Even if it could be determined from the complaint that Ahmed's statements were a matter of public concern, we question the trial court's holding that plaintiff was required to "plead facts showing that [Ahmed's statements] were untrue." While a statement involving a matter of public concern would enhance Fisher's burden of *proof*, here the trial court enhanced Fisher's burden of *pleading*: in addition to alleging that Ahmed's allegedly defamatory statements were false, the trial court would require Fisher to demonstrate facts to prove falsity of the statements within the complaint.

This heightened pleading standard is not substantiated by the legal authority cited by the trial court or the parties, nor is this Court aware of any such authority. Therefore, we conclude that the trial court erred by dismissing and entering judgment on Fisher's defamation claims for failing to plead facts to show that Ahmed's allegedly defamatory statements are "untrue."

{¶49} The trial court found that Fisher, in her complaint, "does not aver facts showing that the gist of Ahmed's statements * * * are untrue." The trial court went on to state that, insofar as Fisher alleged that "Ahmed exaggerated the import of her conduct, his exaggeration constitutes opinion or hyperbole, which is not actionable as a matter of law in Ohio."

{¶50} Whether certain allegedly defamatory statements are actionable is a question for the court to determine as a matter of law. *Leadscope*, 2012-Ohio-4193 at ¶ 78, quoting *Yeager v. Local Union 20, Teamsters, Chauffeurs, Warehousemen, & Helpers of America*, 6 Ohio St.3d 369, 372 (1983), *abrogated on other grounds*. To make that determination, the court must consider the defamatory statement in the totality of the circumstances, which entails reading an alleged defamatory statement in the context of the entire publication to determine whether a reasonable reader would deem the statement defamatory. *Id*. at ¶ 79 quoting *Mann v. Cincinnati Enquirer*, 1st Dist. Hamilton No. C-090747, 2010-Ohio-3963, ¶ 12.

{¶51} To determine whether a statement is actionable as a statement of fact, or not actionable as a statement of opinion, courts apply the four-part *Scott/Vail* test to consider: (1) "the specific language used," (2) "whether the statement is verifiable," (3) "the general context of the statement," and (4) "the broader context in which the statement appeared." *Vail v. The Plain Dealer Publishing Co.*, 72 Ohio St.3d 279, 282 (1995), citing *Scott v. News-Herald*, 25 Ohio St.3d 243, 250 (1986). "The weight given to any one factor under this inquiry will vary depending on

the circumstances of each case." *Wampler v. Higgins*, 93 Ohio St.3d 111, 126 (2001), citing *Vail* at 282.

{¶52} In its analysis, the trial court seems to have conflated an assessment of the falsity of defamatory statements with the *Scott/Vail* test to determine whether protected speech is actionable as defamation: i.e. whether the defamatory statement consists of fact or opinion. Nevertheless, we need not untangle the trial court's analysis to resolve this assignment of error. In reaching its conclusion, the trial court selectively focused on certain allegations in the complaint, while ignoring others, to hold that Ahmed's statements were not actionable as a matter of law. Specifically, the trial court concluded that, because Fisher's allegations did not dispel the possibility that there may be some element of truth to the portion of Ahmed's statements accusing Fisher of purposefully bumping into him, Fisher could prove no set of facts to demonstrate falsity. The trial court then concluded—based solely on the pleadings and without discussion of the four factors of the *Scott/Vail* test—that any allegations of exaggeration were necessarily opinion and, therefore, not actionable.

{¶53} The trial court went beyond a determination of whether, after construing all material factual allegations in the complaint and all reasonable inferences therefrom in her favor, Fisher could "prove no set of facts warranting the requested relief." Contrary to the dictates of a Civ.R. 12(B)(6) and Civ.R. 12(C) review, the trial court's decision construed the allegations of the complaint in a light most *unfavorable* to Fisher and improperly accepted it as proof that Fisher would be unable to prove any set of facts to show that she is entitled to relief on her claims of defamation. Fisher was not required to allege detailed facts to prove each element of her claim within the pleadings, but merely to set forth "a short and plain statement of the claim" to show that she was entitled to relief. Civ.R. 8(A). We conclude that the trial court erred by dismissing and

entering judgment on Fisher's defamation claims on these bases. Fisher's fourth assignment of error is sustained.

### III.

{¶54} Based on the foregoing, and upon our review of the pleadings and our consideration of the limited substance offered in support of the array of arguments asserted in the motions for dismissal and for judgment on the pleadings, we conclude the trial court erred by determining that Fisher did not plead facts to support her claims of defamation and by dismissing counts one and two of the complaint. Accordingly, all four of Fisher's assignments of error are sustained. The judgment of the Summit County Court of Common Pleas entering judgment in favor of the County, and dismissing as to Ahmed, Fisher's claims of defamation is reversed. As Fisher has not asserted any error in the remainder of the trial court's judgment, it is affirmed. This matter is remanded to the trial court for further proceedings consistent with this decision.

Judgment reversed in part,
and affirmed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____
JULIE A. SCHAFER
FOR THE COURT


CARR, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

WARNER MENDENDALL and LOGAN TROMBLEY, Attorneys at Law, for Appellants.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JAQUENETTE S. CORGAN and MARVIN EVANS, Assistasnt Prosecuting Attorneys, for Appellee.

JUSTIN S. GREENFELDER, JUDE B. STREB, and PETER T. CAHOON, Attorneys at Law, for Appellee.